IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE D. ROBINSON,

    Plaintiff,                        No. CIV S-05-0960 DFL KJM P

    vs.

LOU BLANAS, et al.,               <u>ORDER AND</u>

    Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed based on 42 U.S.C. § 1983. By order filed December 13, 2005, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint. Plaintiff also has filed a motion to proceed in forma pauperis, even though his prior motion has been granted.

        As previously noted, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that defendant Albright left plaintiff's breakfast tray on the floor, uncovered for more than fifteen minutes after an unidentified inmate "used an inappropriate term to describe the deputy."  Second Amended Complaint at 8.

Plaintiff's complaint that his breakfast was delayed and arguably cold as the result of being uncovered for a period of time does not state a claim cognizable in a civil rights action. LeMaire v. Maass,12 F.3d 1444, 1456 (9th Cir. 1993) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation" (citation omitted)); Berry v. Brady, 192 F.3d 504, 507-08 (5th Cir. 1999) (denial of one meal does not state a constitutional deprivation).  Plaintiff was so informed in the court's order of December 13, 2005, yet has repeated the same allegations.  It does not

2

appear that giving plaintiff an additional chance to amend his pleadings will change the evaluation of his claim.

In addition, plaintiff, has filed a motion seeking a court order for law library access. In his motion, plaintiff alleges that court orders are necessary before he can use the law library and he therefore requests that the court issue an order granting him "Preferred Legal User" status.

Plaintiff does not allege that he is under a present obligation to submit documents within a time certain and thus has not demonstrated that his right of access to the courts is being impaired. The court will not set a deadline merely for the purpose of insuring the plaintiff additional library time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 20, 2006 request for a court-ordered deadline is denied.

2. Plaintiff's January 20, 2006 motion to proceed in forma pauperis is denied as unnecessary.

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written

/////
 /////
/////
/////
/////
/////
/////

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 30, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2/mp
robi0960.56+80